ORIGINAL   SEALED

FILED-USDC
'23 NOV 14 PM 1:19

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 3 - 23CR0454 - X |
| DESI BARROGA (1)<br>DENO BARROGA (2) | FILED UNDER SEAL |

## INDICTMENT

The Grand Jury charges:

### Count One
### Conspiracy to Commit Health Care Fraud
(Violation of 18 U.S.C. § 1349 (18 U.S.C. § 1347))

1.     From in or around January 2016 to in or around December 2022, in the Dallas Division of the Northern District of Texas and elsewhere, defendants **Desi Barroga** and **Deno Barroga** did knowingly and willfully combine, conspire, confederate and agree with each other to commit the offense of health care fraud in violation of 18 U.S.C. § 1347, that is, to knowingly and willfully devise and execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in 18 U.S.C. § 24(b), that is, Blue Cross Blue Shield, Cigna, and United Healthcare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, Blue Cross Blue Shield, Cigna, and United Healthcare, in connection with the delivery of, and payment for, health care items, benefits, and services, namely corticosteroid injections.

**Indictment—Page 1 of 11**

## Purpose of the Conspiracy

2.      It was the purpose of the conspiracy for the defendants to unlawfully enrich themselves through the submission of false and fraudulent claims for corticosteroid injections and other services that were not performed.

## Manner and Means of the Conspiracy

3.      The manner and means by which the defendants sought to accomplish the purpose of the conspiracy included, among other things:

4.      **Desi Barroga** and **Deno Barroga** were medical doctors licensed in the State of Texas.  Together, they operated a clinic in the Dallas Division of the Northern District of Texas that offered pain management services.  Patients of the clinic typically received monthly prescriptions for high doses of Schedule II medications, including hydrocodone, oxycodone, and morphine.

5.      As part of the scheme to defraud, the defendants required patients to submit to monthly office visits.  These visits provided an opportunity for the defendants to bill the patients' insurance companies, including Blue Cross Blue Shield, Cigna, and United Healthcare, for certain benefits, items, and services.  The monthly visits were generally short, lasting only five to fifteen minutes, and at the conclusion of the visit, the defendants wrote patients prescriptions for pain medications.

6.      As part of the scheme to defraud, the defendants purported to provide corticosteroid injections to patients during their monthly visits.  In many instances, however, the defendants did not actually perform the injections and would instead place a needle on the patient's body without actually piercing the skin to mimic an injection and

would topically apply lidocaine.  If patients actually received any injections, they would generally receive only a small amount.

7.      Following the office visits, as part of the scheme to defraud, the defendants submitted and caused to be submitted false and fraudulent claims to the patients' insurance companies.  The claims were false and fraudulent in that they represented that the patients received dozens of injections during their office visit, when in fact, as the defendants knew, the patients received few injections or none.  The defendants routinely used identical diagnostic and billing codes on the claims and billed the same high number of injections for each patient.  In many instances, the defendants falsely represented that they provided over eighty injections to the patient on a single date of service.

8.      As a further part of the scheme to defraud, the defendants created fake medical records to falsely reflect that injections were performed.  The medical records were often cut and pasted, or cloned, from patient-to-patient with little to no variation. The defendants then submitted these records to the insurance companies in support of their false claims in an effort to conceal the fraud.

9.      As a result of the scheme, the defendants collectively billed health care benefit programs over $50 million dollars and were paid approximately $12 million dollars.

All in violation of 18 U.S.C. § 1349 (18 U.S.C. § 1347).

Counts Two through Six
Health Care Fraud and Aiding and Abetting
(Violation of 18 U.S.C. §§ 1347 and 2)

10.    The allegations contained in paragraphs one through nine of this Indictment are realleged and incorporated by reference as though fully set forth herein.

11.    Beginning in or about January 2016 to in or about December 2022, in the Dallas Division of the Northern District of Texas, and elsewhere, defendant **Desi Barroga**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud Blue Cross Blue Shield of Texas, Cigna, and United Healthcare, health care benefit programs affecting commerce, as defined by 18 U.S.C. § 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of Blue Cross Blue Shield of Texas, Cigna, and United Healthcare, in connection with the delivery of, and payment for, health care benefits, items, and services.

12.    In execution and attempted execution of the scheme and artifice to defraud, defendant **Desi Barroga** submitted or caused to be submitted the following claims on the dates indicated below, each claim constituting a separate count:

| Count | Patient | Claim Number | Date of Submission/ Received (On or About) | Approximate Amount Paid/Payor |
|---|---|---|---|---|
| 2 | R.J. | 7652123706945 | 8/25/21 | $208.84 Cigna |

| Count | Patient | Claim Number | Date of Submission/ Received (On or About) | Approximate Amount Paid/Payor |
|---|---|---|---|---|
| 3 | R.J. | 7652126505894 | 9/22/21 | $1,469.58 Cigna |
| 4 | J.C. | CY5490679301 | 2/10/22 | $4,614.44 UHC |
| 5 | J.C. | DG8635352101 | 4/14/22 | $4,781.21 UHC |
| 6 | B.R. | CJ7507830301 | 3/6/22 | $3,518.65 UHC |

All in violation of 18 U.S.C. §§ 1347 and 2.

Counts Seven through Eleven
Health Care Fraud and Aiding and Abetting
(Violation of 18 U.S.C. §§ 1347 and 2)

13.    The allegations contained in paragraphs one through nine of this Indictment are realleged and incorporated by reference as though fully set forth herein.

14.    Beginning in or about January 2016 to in or about December 2022, in the Dallas Division of the Northern District of Texas, and elsewhere, defendant **Deno Barroga**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud Blue Cross Blue Shield of Texas, Cigna, and United Healthcare, health care benefit programs affecting commerce, as defined by 18 U.S.C. § 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of Blue Cross Blue Shield of Texas, Cigna, and United Healthcare, in connection with the delivery of, and payment for, health care benefits, items, and services.

15.    In execution and attempted execution of the scheme and artifice to defraud, defendant **Deno Barroga** submitted or caused to be submitted the following claims on the dates indicated below, each claim constituting a separate count:

| Count | Patient | Claim Number | Date of Submission/ Received (On or About) | Approximate Amount Paid/Payor |
|---|---|---|---|---|
| 7 | M.D. | 7431926904619 | 9/26/19 | $1,820.16 Cigna |

Indictment—Page 6 of 11

| Count | Patient | Claim Number | Date of Submission/ Received (On or About) | Approximate Amount Paid/Payor |
|---|---|---|---|---|
| 8 | L.W. | DD1814341101 | 12/19/21 | $4,782.44 UHC |
| 9 | L.W. | DE0169383201 | 1/22/22 | $4,782.41 UHC |
| 10 | L.W. | DE7365125401 | 2/18/22 | $4,782.41 UHC |
| 11 | L.W. | DE6952276801 | 4/7/22 | $4,782.50 UHC |

All in violation of 18 U.S.C. §§ 1347 and 2.

## Count Twelve
### Unlawful Distribution of a Controlled Substance
(Violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

16.     The allegations contained in paragraphs one through nine of this Indictment are realleged and incorporated by reference as though fully set forth herein.

17.     On or about February 24, 2021, in the Northern District of Texas and elsewhere, the defendant **Desi Barroga,** a registrant authorized to dispense controlled substances, knowingly and intentionally distributed and dispensed a prescription for a substance containing a detectable amount of hydrocodone, a Schedule II controlled substance, to J.C., and in so doing, **Desi Barroga** knowingly and intentionally acted outside the usual course of professional practice and not for a legitimate medical purpose.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

<u>Count Thirteen</u>
Unlawful Distribution of a Controlled Substance
(Violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

18.    The allegations contained in paragraphs one through nine of this Indictment are realleged and incorporated by reference as though fully set forth herein.

19.    On or about August 23, 2022, in the Northern District of Texas and elsewhere, the defendant, **Deno Barroga,** a registrant authorized to dispense controlled substances, knowingly and intentionally distributed and dispensed a prescription for a substance containing a detectable amount of hydrocodone, a Schedule II controlled substance, to L.W., and in so doing, **Deno Barroga** knowingly and intentionally acted outside the usual course of professional practice and not for a legitimate medical purpose.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

Notice of Forfeiture
(18 U.S.C. § 982(a)(7) and 21 U.S.C. § 853(a))

20.    The allegations contained in Counts One through Thirteen of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(7).

21.    Upon conviction of the offenses set forth in Counts One through Eleven of this Indictment, the defendants, **Desi Barroga** and **Deno Barroga**, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses.

22.    Upon conviction of the offenses set forth in Counts Twelve through Thirteen of this Indictment, the defendants, **Desi Barroga** and **Deno Barroga**, pursuant to 21 U.S.C. § 853(a), shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

23.    The above-referenced property subject to forfeiture includes, but is not limited to, a "money judgment" in the amount of U.S. currency constituting the gross proceeds traceable to the offense.

**Indictment—Page 10 of 11**

24.     Pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), if

any of the property described above, as a result of any act or omission of the defendants:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third party;

    c.     has been placed beyond the jurisdiction of the court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be divided without difficulty,

the United States intends to seek forfeiture of any other property of the defendants up to

the value of the forfeitable property described above.

A TRUE BILL:

FOREPERSON

LEIGHA SIMONTON
UNITED STATES ATTORNEY

For:

RENEE M. HUNTER
Assistant United States Attorney
Texas Bar No. 24072942
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Email: Renee.Hunter@usdoj.gov

**Indictment—Page 11 of 11**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

DESI BARROGA (1)
DENO BARROGA (2)

INDICTMENT

18 U.S.C. § 1349 (18 U.S.C. § 1347)
Conspiracy to Commit Health Care Fraud
(Count 1)

18 U.S.C. §§ 1347 and 2
Health Care Fraud and Aiding and Abetting
(Counts 2,3,4,5, and 6)

18 U.S.C. §§ 1347 and 2
Health Care Fraud and Aiding and Abetting
(Counts 7, 8, 9, 10, and 11)

21 U.S.C. §§ 841(a)(1) and (b)(1)(C)
Unlawful Distribution of a Controlled Substance
(Count 12)

21 U.S.C. §§ 841(a)(1) and (b)(1)(C) Unlawful
Distribution of a Controlled Substance
(Count 13)

(18 U.S.C. § 982(a)(7) and 21 U.S.C. § 853(a))
Notice of Forfeiture

13 Counts

A true bill rendered

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                                                                FOREPERSON

DALLAS

Filed in open court this 14th day of November, 2023.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Warrant to be Issued**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                    UNITED STATES MAGISTRATE JUDGE
                    No Criminal Matter Pending